1843.

Bibby
v.
Myer.

---

### BIBBY and others *vs.* MYER.

Where a will and codicil had been established by the decree of a surrogate, and some of the heirs and next of kin of the decedent who had been heard before the surrogate appealed from so much of his decree as declared the codicil duly executed and admitted the same to record ; *Held*, that such appeal did not deprive the surrogate of the power to set aside the decree for irregularity, as to one of the heirs at law and next of kin who had not been duly cited to attend upon the hearing before the surrogate.

A person having a common interest with the appellant in an appeal from the sentence or decree of a surrogate who comes in as an intervener and adheres to the appeal, will not be permitted to call in question the correctness of such sentence or decree in a part thereof which is not appealed from.

Whether the service of the citation to the heirs and next of kin, to attend the probate of a will, upon one of them who is a feme covert, is a sufficient service, without a service thereof upon her husband ; *Quære ?*

Where a will has been established and admitted to be recorded by the surrogate, upon service of the citation upon one of the heirs at law and next of kin, who was a feme covert, without serving it upon her husband, the husband cannot apply in his own name only to set aside the decree ; but the application must be made in the name of the husband and his wife jointly, if the proceeding upon the service of the wife only was irregular.

April 4.

THIS was an appeal from a decision of the surrogate of the county of Westchester. Bibby, as one of the executors of H. Van Cortland deceased, applied to the surrogate to prove the will of the decedent, and a codicil to the same, as a will of real and personal estate. He took out a citation to attend the surrogate, for that purpose, directed to the heirs at law and next of kin, and to the husbands of such of them as were femes covert. The citation was duly served upon the heirs and next of kin personally ; and some of them attended and contested the proof of the will and codicil. But Myer, the husband of one of the heirs, who had separated from his wife, was not personally serv-

ed with the citation, and had no notice of the service on his wife until after the sentence and decree of the surrogate, pronouncing for the validity of the will and codicil, and admitting them to probate and to be recorded. Schermerhorn and wife, who had opposed the proof of the instruments propounded, appealed from so much of the sentence and decree as declared the codicil duly proved, and as admitted such codicil to probate and to be recorded. And during the pendency of that appeal Myer presented a petition to the surrogate to set aside the whole sentence and decree, for irregularity, upon the ground that the citation had not been personally served on him. The executors, and other parties who were interested in establishing the validity of the will and codicil, being cited to attend the surrogate upon that petition, put in an answer stating the pendency of the appeal ; and thereupon prayed that the petition might be dismissed with costs. The surrogate refused to dismiss the petition, and decided that he would proceed thereon ; and the appellants, without waiting for the final decision of the surrogate upon the petition, appealed from the order denying the application to dismiss it.

*W. Silliman,* for the appellants.

*R. N. Morrison,* for the respondent.

THE CHANCELLOR. The counsel for the appellants on this appeal is wrong in supposing that the appeal of Schermerhorn and wife deprived the surrogate of the power to set aside the decree, for irregularity, as to an heir at law who was not a party to that appeal, and who had not been cited to appear upon the hearing before the judge *a quo.* In the first place, the appeal was only from so much of the sentence and decree as related to the codicil, and did not call in question the validity of the original will as a will of real and personal estate. And Myer, by coming in as an intervener and adhering to that appeal before the circuit judge, could not have been permitted to call in question

the validity of the surrogate's decree as to the original will. If he merely wished to question that decision upon the testimony which had been produced before the surrogate, he would still have been compelled to institute a new appeal from the part of the decree relative to the will.

Again ; the setting aside of the decree as to Myer, for irregularity, would only prevent it from being operative so far as it affected his rights and the rights of his wife. For, as between those parties who had appeared and contested the validity of the will and codicil before the surrogate, the sentence and decree must of course be final until it is reversed upon appeal. And all that the surrogate could do, in any event, would be to open the decree so as to permit Myer and wife to come in and contest the validity of the will and codicil, so far as it affected or altered her rights, as one of the heirs at law of her brother in reference to the real estate, and as one of his next of kin in reference to the personal estate.

But upon an examination of the statute, I have arrived at the conclusion that the surrogate has no right to interfere with the sentence and decree of his predecessor, in this case, upon the application of Myer alone ; who was not one of the heirs at law or next of kin of the decedent. And the petition should therefore have been dismissed. The statute directs the citation to be served upon the heirs and next of kin of the testator, if they can be found. But it does not in terms require it to be served upon the husband, as well as upon the wife, where the heir and next of kin is a feme covert. The wife is in fact the real party whose rights, as heir and next of kin, the legislature intended to protect by requiring the notice of the proceedings to prove the will. And if a service of the citation upon the husband as well as the wife, was necessary in this case, to make the proceedings regular as to her, which is at least doubtful, the application to set aside the sentence and decree of the surrogate, for irregularity, should have been made by the husband in her name as well as in his own name.

The surrogate therefore erred in supposing that he was authorized to proceed upon this petition to set aside the sentence and decree of his predecessor, for irregularity. The order appealed from must be reversed, and the petition of the respondent dismissed with costs. But the dismissal of his petition must be without prejudice to any application which he may be advised to make in the names of himself and his wife, after such costs shall have been paid.